# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JUSTIN ZIEGENMEYER,<br><br>    Plaintiff,<br><br>v.<br><br>WINFRED KOKOR, et al.,<br><br>    Defendants. | 1:18-cv-01137-DAD-SKO (PC)<br><br>**FINDINGS AND RECOMMENDATION TO DISMISS WITH PREJUDICE FOR PLAINTIFF'S FAILURE TO COMPLY WITH THE COURT'S ORDER AND FAILURE TO STATE A CLAIM**<br><br>(Docs. 11, 12)<br><br>TWENTY-ONE (21) DAY DEADLINE |

    Plaintiff, Justin Ziegenmeyer, is a state prisoner proceeding *pro se* and *in forma pauperis* with a civil rights action pursuant to 42 U.S.C. § 1983. On April 2, 2019, the Court issued the First Screening Order finding that Plaintiff failed to state any cognizable claims and granting leave for Plaintiff to file an amended complaint within 21 days. (Doc. 11.) Plaintiff was warned that the failure to comply with the Court's order would result in recommendation that the action be dismissed. (*Id.*)

    More than the time allowed has passed without Plaintiff having filed an amended complaint or other response to the Court's Order. Thus, on May 15, 2019, the Court ordered Plaintiff to show cause why the action should not be dismissed based on Plaintiff's failure to comply with the First Screening Order and for failure to state a claim. (Doc. 12.) Despite passage of more than the allowed time, Plaintiff has not filed a response to the order to show cause.

    The Local Rules, corresponding with Fed. R. Civ. P. 11, provide, "[f]ailure of counsel, or of a party to comply with . . . any order of the Court may be grounds for the imposition by the

1

Court of any and all sanctions . . . within the inherent power of the Court." Local Rule 110. "District courts have inherent power to control their dockets," and in exercising that power, a court may impose sanctions, including dismissal of an action. *Thompson v. Housing Authority of Los Angeles*, 782 F.2d 829, 831 (9th Cir. 1986). A court may dismiss an action with prejudice, based on a party's failure to prosecute an action or failure to obey a court order, or failure to comply with local rules. *See, e.g. Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to comply with an order requiring amendment of complaint); *Malone v. U.S. Postal Service*, 833 F.2d 128, 130 (9th Cir. 1987) (dismissal for failure to comply with a court order); *Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for failure to prosecute and to comply with local rules).

Based on Plaintiff's failure to comply with or otherwise respond to the First Screening Order, the Court has no alternative other than to dismiss the action for failure to respond to and obey a court order, failure to prosecute, and failure to state a cognizable claim.

Based on the foregoing, it is HEREBY RECOMMENDED that this action be dismissed, with prejudice, for Plaintiff's failure to obey a court order, to prosecute this action, and to state a cognizable claim.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). **Within twenty-one (21) days** after being served with these Findings and Recommendations, Plaintiff may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may result in the waiver of rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: **June 27, 2019**          /s/ *Sheila K. Oberto*
                                  UNITED STATES MAGISTRATE JUDGE